# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARY FORREST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 06-cv-00011 |
| | ) |
| SHENANDOAH VALLEY NATIONAL BANK, | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

This Agreed Protective Order is entered pursuant to Federal Rule of Civil Procedure 26(c), Local Rule 26.4 and by agreement of Plaintiff, Mary Forrest, and Defendant, Shenandoah Valley National Bank.

WHEREAS, the parties agree and the Court finds that good cause exists for entry of this Protective Order ("Order") because:

A. It is anticipated that, during the course of this litigation (the "Litigation"), the parties may be required to produce documents, answer interrogatories and other discovery requests, make disclosures and provide testimony which may reveal confidential information that should not be disclosed except in a restricted manner.

IT IS THEREFORE ORDERED THAT:

1. This Order is intended to govern the use of documentation and information produced or disclosed by the parties in this Litigation by means of pleadings, pretrial disclosures or discovery, which is claimed by a party to contain or reflect confidential information.

2. Copies of documents produced that a party deems to be confidential shall be stamped or labeled "Confidential," provided that counsel for that party shall have first made a good faith determination that there is a reasonable basis for concluding that the document, material or information contains trade secrets or nonpublic technical, commercial, financial, personal, or business information ("Confidential Information"). Where information is produced by way of computer disk, CD or other electronic means, and the computer disk, CD or other electronic means is labeled "Confidential," all information contained therein shall be deemed confidential. Where discovery is provided by allowing access to documents for inspection instead of delivering copies of them, all items being inspected shall be considered to have been designated "Confidential" until the producing party delivers copies of them to the requesting party with the appropriate "Confidential" stamp. The receiving party may request a re-designation of all or a portion of the information utilizing the procedures set forth in paragraph 4.

3. If a question asked at a pre-trial deposition calls for an answer containing Confidential Information, or if the question contains Confidential Information, counsel for the party with an interest in protecting such Confidential Information may request any person that is present at the deposition who would not otherwise be permitted access to the Confidential Information to leave the deposition until that Confidential Information has been disclosed. In addition, counsel for the party with an interest in protecting such Confidential Information shall, at the deposition itself designate the portions of such deposition containing Confidential Information which shall thereafter be subject to the provisions of this Order.

4. A party may request in writing at any time that the designating party modify or withdraw its designation of confidentiality. If the designating party does not agree to re-designation within five (5) business days of receipt of the written request, the requesting party may apply to the

Court for relief pursuant to Local Rule 26.4(b). If a party believes that a particular use of information designated as confidential is necessary for trial preparation or other purposes related solely to the Litigation but the proposed use of the Confidential Information is restricted by this Order, a party may request in writing that the other party permit information designated as confidential to be used in the Litigation in a way that is protective of the privacy interest the disclosing party has in the information but that meets the legitimate trial preparation needs of the requesting party. If an agreement concerning the use of the information at issue is not reached within five (5) business days of receipt of the written request, the requesting party may apply to the Court for relief.

5. Under this Order, Confidential Information designated "Confidential" shall not be viewed by or disclosed to anyone (including putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified) except:

    a. The parties and counsel for the parties;

    b. Employees of counsel for the parties who have direct functional responsibility for the preparation and trial of this Litigation;

    c. Employees of a party required in good faith to provide assistance in the conduct of the Litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the Confidential Information;

    d. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents; and,

    e. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the Litigation.

3

The foregoing persons may not retain copies of any information designated "Confidential" in their possession except as specified in paragraphs 7 and 11 below or unless authorized to do so in writing by the party who produced the Confidential Information.

6. Each of the persons identified in paragraph 5 shall be informed of and agree to abide by this Order before being given access to Confidential Information. In addition, each of the persons identified in paragraphs 5(b), 5(d) and 5(e) to whom Confidential Information is made available shall be informed of and shall agree to abide by this Order by signing a Confidentiality Agreement in the form attached as Exhibit A.

7. Except as provided for in paragraph 11 below, all copies of information or documents obtained through discovery that are designated "Confidential" shall be maintained at the office(s) of the outside law firms representing the discovering party in a secure area.

8. Neither the termination of the Litigation nor the termination of employment of any person who had access to any Confidential Information shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

9. Confidential Information shall be used only for purposes of this Litigation and not for any other purpose. The parties shall take all steps necessary to see that no person uses or discloses Confidential Information received by them for any other purpose or to any person not permitted to receive such information pursuant to paragraph 5.

10. In the event a party wishes to submit any document, transcript or thing containing Confidential Information to the Court prior to trial, the parties shall submit it to the Court in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the Litigation, a statement of the nature of the contents, the word "Sealed" and a statement substantially

4

in the following form:

> This envelope is sealed pursuant to an Agreed Protective Order entered pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.4 and contains information designated as "Confidential." It is not to be opened or the contents thereof to be displayed or revealed to anyone other than the Court except by order of the Court.

Confidential Information may be used at the trial of this cause, as an exhibit on the record at a deposition or in any confidential submission to a mediator without the requirement that the information be introduced in a sealed envelope or container. Prior to introducing information designated as "Confidential" into evidence or showing such information to a witness the party who seeks to use the information shall provide a copy of the information to all counsel.

11. Within thirty (30) days of the termination of this Litigation or otherwise as the parties may agree, all Confidential Information shall be returned or destroyed. If Confidential Information is destroyed as a result of the fact that it bears the notes of counsel, the party destroying the information shall provide a written certification that the Confidential Information required to be destroyed by this paragraph has been destroyed. The original copy of such certification shall be provided within ten (10) days of the destruction of the Confidential Information. Notwithstanding the above, each party may retain copies of all pleadings even though the pleadings may contain or have attached Confidential Information. However, each party agrees that copies of pleadings containing or attaching Confidential Information will not be disseminated to any unauthorized third-party.

12. Subject to the provisions of paragraph 10 above, nothing in this Order shall prevent either party from using any Confidential Information at any hearing or at the trial of this matter and nothing in this Order shall prevent either party from providing, showing, or communicating Confidential Information to the Court. Such use shall not be deemed a waiver of confidentiality.

5

13. Subject to the provisions of paragraph 3 above, nothing in this Order shall prevent either party from using Confidential Information at any deposition. Such use shall not be deemed a waiver of confidentiality.

14. By agreeing to this Order, the parties are not waiving any objections to disclosure and/or production of any information during discovery.

15. The restrictions embodied in this Order shall be binding upon each party unless and until that party shows to the Court that the Confidential Information, in the form produced, was or has become public knowledge absent a breach of the restrictions of this Order, or that the Court finds such information or documents not to be confidential.

16. The terms and conditions of the Order shall survive the entry of judgment or dismissal of this action and shall continue in full force and effect thereafter without limitation in time, subject to further order of the Court.

Dated at Milwaukee, Wisconsin this _____ day of September, 2006.

**BY THE COURT:**

_____

**Hon. Rudolph T. Randa**
**Chief Judge**

EXHIBIT A

CONFIDENTIALITY AGREEMENT

The undersigned, having read and understood the attached Agreed Protective Order governing the restricted use of documents and other information designated as Confidential Information pursuant to the Agreed Protective Order, which has been obtained from _____ by reason of discovery in the captioned matter, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

Dated: _____          _____