**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

MARY FORREST,

        Plaintiff,

        v.

Case No. 06-cv-00011

SHENANDOAH VALLEY NATIONAL BANK,

        Defendant.

**AGREED PROTECTIVE ORDER
CONCERNING PRIVILEGED COMMUNICATIONS**

        This Protective Order Concerning Privileged Communications is entered pursuant to Federal Rule of Civil Procedure 26(c), and by agreement of Plaintiff, Mary Forrest ("Plaintiff"), and Defendant, Shenandoah Valley National Bank ("Defendant"), (collectively "the Parties").

        WHEREAS, Plaintiff seeks written discovery responses, the production of documents, and deposition testimony from Defendant;

        WHEREAS, certain responsive information, documents and testimony sought by Plaintiff is protected from disclosure by the attorney work product and/or attorney-client privileges; and

        WHEREAS, Defendant is prepared to respond to Plaintiff's written discovery requests, produce documents, and produce employees, agents and attorneys of Defendant for deposition, trial and other court proceedings in this litigation if Plaintiff agrees, and the Court orders, that the furnishing of such information, documents, and testimony shall not be deemed a waiver of the attorney work product or attorney-client privileges as to the subject matter of such information, documents, and testimony;

IT IS THEREFORE STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1. Any employee, agent or attorney of Defendant produced for deposition, trial or other court testimony in this matter regarding oral or written communications with or by attorney(s) of Defendant may testify about communications occurring prior to the filing of this lawsuit that pertained to the prescreened direct mail piece in the form represented by Exhibit A to the Complaint sent by Defendant, as well as Defendant's compliance with the "firm offer of credit" requirements under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), with respect to the prescreened direct mail piece in the form represented by Exhibit A to the Complaint. If obtained, such testimony shall not be deemed to waive any privilege, including without limitation, the attorney work product or attorney-client privileges. Further, any opinion testimony sought from an attorney shall be limited to opinions formed by the attorney prior to the mailing of the prescreened direct mail piece in the form represented by Exhibit A to the Complaint. Moreover, there shall be no questioning on, and there shall be no waiver concerning, attorney work product protected or attorney-client communications, concerning any other litigation, or any other matter.

2. The Parties agree that neither producing employees, agents or attorneys of Defendant for deposition, trial or other court proceedings, nor producing written discovery responses or privileged documents on the subject of the prescreened direct mail piece in the form represented by Exhibit A to the Complaint and Defendant's compliance with the "firm offer of credit" requirements under FCRA with respect to the prescreened direct mail piece in the form represented by Exhibit A to the Complaint, shall constitute a waiver of any privileges Defendant may assert, specific to the subject matter of said testimony and documents or otherwise.

Dated at Milwaukee, Wisconsin this 30th day of October, 2006.

                                **BY THE COURT:**

                                s/ Rudolph T. Randa
                                **Hon. Rudolph T. Randa**
                                **Chief Judge**