# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY FORREST,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 06-C-11**

**SHENANDOAH VALLEY NATIONAL BANK,**

        **Defendants.**

# DECISION AND ORDER

This putative class action brought by Mary Forrest ("Forrest") against the Defendant Shenandoah Valley Bank ("Bank") under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"), is before the Court on Forrest's motion for class certification. With the exception of the disposition of the class certification motion, the matter is stayed until the United States Supreme Court issues a decision in *GEICO Gen. Ins. Co. v. Edo*, 06-100, 127 S.Ct. 36 (Sept. 26, 2006) (granting pet. for cert. and consolidating case) and in *Safeco Ins. of Am. v. Burr*, 06-84, 127 S.Ct. 36 (Sept. 26, 2006) (granting pet. for cert. and consolidating case).

Forrest alleges that the Bank accessed her consumer credit report, without her consent or any other lawful reason, to send her a loan solicitation in violation of the FCRA.

She maintains that the mailing violates 15 U.S.C. § 1681b by not offering a "firm offer of credit" within the meaning of the FCRA, which is essential when a potential creditor accesses a consumer's credit report without that person's consent.

## Motion for Class Certification

Forrest seeks certification of a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The proposed class is all persons with Wisconsin addresses to whom the Bank has sent solicitations in the form of Exhibit A attached to the Declaration of Jason Altman in support of the plaintiff's motion for class certification.

The Bank opposes the motion contending that Forrest does not meet all the requirements for certification of the class. Specifically, the Bank maintains that Forrest is not a fair and adequate representative, she has not established that class issues predominate over individualized issues or that a class action is superior to other methods of adjudication.

This Court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequacy of representation – and any one of the conditions of Rule 23(b). *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 513 (7th Cir. 2006) (citing Fed. R. Civ. P. 23; *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).) Rule 23(b)(3) adds the requirement "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The plaintiff has the burden of proving the class should be certified. *Oshana*, 472 F.3d at 513.

In evaluating a motion for class certification, the allegations made in support of certification are taken as true and, as a general matter, the court makes no inquiry into the merits of the suit. *Retired Chi. Police Ass'n. v. City of Chi.*, 7 F. 3d 584, 598 (7th Cir. 1993); The court may approve class actions only after conducting a "rigorous analysis" to ensure that the prerequisites of Federal Rule of Civil Procedure 23 have been satisfied. *General Telephone Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982).

However, in evaluating a motion for class certification, it is sometimes necessary to "probe behind the pleadings" to determine whether "the interests of absent parties are fairly encompassed within the named [plaintiff's] claims." *Falcon*, 457 U.S. at 160. Indeed, to protect absent class members and defendants, this Court has an affirmative obligation to "resolv[e] factual and legal disputes that strongly influence the wisdom of class treatment." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). Thus, instead of assuming that whatever the plaintiff alleges is true, as it would in testing the legal sufficiency of a complaint under Rule 12(b)(6), the Court may "look[ ] beneath the surface of [the] complaint to conduct the inquiries in [Rule 23] and exercise the discretion it confers." *Id*. Here, in addition to the allegations of the Complaint, the Court considers the affidavits that have been submitted by the parties.

### *Numerosity*

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Forrest states that she will obtain the exact number and identities of the class members through discovery.

3

A class action may proceed "upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Litig.*, 95 F.R.D. 321, 325 (S.D.N.Y. 1982). While the number of the proposed class is not always dispositive, generally, the numerosity requirement is met if there are forty or more members. *See Chandler v. S.W. Jeep-Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995). The loan solicitation letter is a form letter. It is reasonable to believe that the form loan solicitation letter received by Forrest was mailed to hundreds, if not thousands, of individuals in Wisconsin, as part of a mass mailing campaign. *See e.g., Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983) (courts may make "common sense assumptions in order to find support for numerosity"). Nor does the Bank, the source of the solicitations, contest the numerosity of the potential class. Accordingly, the Court finds that the proposed class is so numerous that joinder would be impracticable.

### *Commonality*

Rule 23(a)(2) requires that there be questions of law and fact common to the class. A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992) (citing *Franklin v. City of Chi.*, 102 F.R.D. 944, 949-50 (N.D. Ill.1984)). Common nuclei of fact are typically manifest where the defendant has engaged in standardized conduct towards members of the proposed class by mailing to them allegedly illegal form letters or documents. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (regarding commonality of alleged violations of the Fair Debt Collection Practices Act and Colorado Fair Debt Collection Practices Act) (citing cases). Forrest and other proposed class members received the same or

4

substantially similar solicitation from the Bank. Forrest's legal claim is same as that of other members of the proposed class. Thus, Forrest shares the commonality of facts and legal claims with other members of the proposed class.

### *Typicality*

Whether Forrest's claims are typical of those of the class members she represents is closely related to the commonality inquiry. *See Rosario*, 963 F.2d at 1018 ("The question of typicality in Rule 23(a)(3) is closely related to the . . . question of commonality."). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuentes v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) (citations and internal quotation omitted). Forrest's claim falls within this definition. By mailing the form loan solicitation letter, the Bank engaged in the same course of conduct towards Forrest and the members of the proposed class. These individuals are now suing the Bank under the FCRA, alleging violations of the same statutory section under the same legal theory. Forrest meets Rule 23's typicality requirement. *See Keele*, 149 F.3d at 595.

### *Adequacy of Representation*

Rule 23(a)(4) provides that the representative parties must "fairly and adequately protect the interests of the class." Rule 23(a)(4)'s adequacy of representation requirement has two elements: "'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protecting the different, separate, and distinct interest[s]' of the class members." *Retired Chi. Police Ass'n.*, 7 F.3d at 598 (quoting *Sec. of Labor v.*

*Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)). Thus, "[a] class is not fairly and adequately represented if class members have antagonistic or conflicting claims." *Sec. of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)).

A class must have a "conscientious representative plaintiff." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). The class representative must "understand the basic facts underlying [her] claims." *In re Discovery Zone Sec. Litig.*, 169 F.R.D. 104, 109 (N.D. Ill. 1996). "General knowledge and participation in discovery are sufficient to meet this standard." *Id*. (citations omitted). "[I]n demonstrating a class representative's adequacy, the burden is not a heavy one." *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998) (citation omitted.)

The Bank maintains that there has been no demonstration that Forrest has a sufficient interest in the outcome of the case to ensure vigorous advocacy. The Bank states that Forrest's failure to testify at her deposition that she had filed 11 other lawsuits demonstrates a lack of credibility, a lack of reliability and a lack of interest. The Bank does not dispute the adequacy of Forrest's counsel.

The Court is familiar with Forrest's attorneys, Ademi & O'Reilly, who have litigated and are currently litigating several FCRA actions in this Court. Counsel further represent that they have litigated several FCRA cases in federal court as class counsel. There is no question that counsel is competent because it appears that this type of litigation is the bulk of their practice. The Court finds that Ademi & O'Reilly are experienced and qualified to serve as class counsel in this matter.

6

However, the Bank has raised a significant concern regarding the adequacy of Forrest as a class representative. For example, at Forrest's deposition, in response to the inquiry regarding whether she had sued anybody Forrest answered, "No." (Ganzer Decl. ¶ 2[1] Ex. C (Forrest Dep.) 8.) When the Bank's counsel reminded her of this lawsuit, she responded "Yeah." (*Id*.) When asked, "Any others?," Forrest responded, "No" (*id*.) – although she filed a total of 11 other cases in this district between December 20, 2005, and April 6, 2006. (Ganzer Decl. ¶ 4 Ex. D.) No followup comment or clarification was offered by her attorney. (Ganzer Decl. ¶ 2 Ex. C.) Forrest's counsel represents her in the 11 other actions. (Ganzer Decl. ¶¶ 5-15 Ex. E-O.)

When asked to look at Exhibit A to the complaint – the loan solicitation letter– and state what it is Forrest responded "looks like a loan." (Ganzer Decl. ¶ 2 Ex. C at 8-9.) When asked by both the Bank's attorney and her own attorney whether she recollected the loan solicitation letter, Forrest testified "no." (*Id*. at 9.) When asked the status of this lawsuit, Forrest responded "I don't know." (*Id*.)

Review of the entire Forrest deposition transcript causes her to appear too much like a shadow plaintiff; one disinterested or unconcerned. Most troublesome is Forrest's response to the "prior lawsuit questions." Regardless of whether Forrest did not remember, made a mistake, or was not being truthful, she is not a fitting representative for the class.

Based upon Forrest's deposition testimony, the Court concludes that Forrest lacks adequate knowledge and understanding of the case and has enough of a credibility

---

[1] Paragraph 2 of the Ganzer Declaration incorrectly states that the Forrest deposition transcript is attached as exhibit B. It is attached as exhibit **C**.

problem that she cannot adequately represent the class. *See Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983); *Kaplan v. Pomerantz*, 132 F.R.D. 504, 510-11 (N.D. Ill. 1990). Therefore, Forrest's motion for class certification is denied.

Given the Court's conclusion, it need not resolve the remaining question under Rule 23(b)(3), which provides that for a class to be certified, the Court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." However, satisfaction of that requirement would not be problematic in this case. *See Murray v. GMAC Mortg. Corp.* 434 F.3d 948, 953 (7th Cir. 2006).

### *Conclusion*

The case was stayed with the exception of the ruling on the class certification motion. With the issuance of this Court's ruling, it is now appropriate for the Court to direct the Clerk of Court to close this action for statistical purposes until one or both of the parties provides notice to the Court by electronic filing promptly upon receipt of the Supreme Court's ruling in *GEICO Gen. Ins. Co.* and *Safeco Ins. Co*.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Forrest's motion for class certification (Docket No. 18) is **DENIED**.

2. The Clerk of Court is instructed to submit a JS-6 form to the administrative office thereby closing the case for statistical purposes; and,

3. Nothing in this order shall be considered a dismissal or disposition of this matter and one or both of the parties shall provide notice to the Court by electronic filing

8

promptly upon receipt of the Supreme Court's ruling in *GEICO Gen. Ins.Co. v. Edo*, 06-100, 127 S.Ct. 36, 165 L. Ed.2d 1014 (Sept. 26, 2006) and *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 36, 165 L. Ed. 2d 1014 (Sept. 26, 2006).

Dated at Milwaukee, Wisconsin this 28th day of March, 2007.

BY THE COURT

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**